Justin G. Reden, Bar No. 230068
Todd J. Langford, Bar No. 254517
REDEN & REDEN, APC
16885 Via Del Campo Court, Suite 320
San Diego, CA 92127
Telephone: (619) 758-3869
Facsimile: (800) 746-5015
Email: *jreden@redenandreden.com*
Email: *tlangford@redenandreden.com*

Attorneys for Plaintiff:
International Culinary ChefsBest, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| International Culinary ChefsBest, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> The Hain Celestial Group, Inc., a Delaware corporation; and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND FOR PRELIMINARY AND PERMANENT INJUNCTIONS FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; DILUTION; UNFAIR COMPETITION; UNJUST ENRICHMENT; AND, BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY AND FOR SPEEDY HEARING** |

Plaintiff International Culinary ChefsBest, LLC ("Plaintiff"), pursuant to Fed. R. Civ. P. 8(a), alleges upon knowledge as to itself and its own actions, and upon information and belief as to all other matters, against defendants The Hain Celestial Group, Inc. ("Defendant"), and DOES 1 through 100, as follows:

## NATURE OF THE ACTION

1. Plaintiff has used and advertised the CHEFSBEST name and mark throughout the United States for many years.

2. Plaintiff is the owner of numerous federal trademark registrations and common law rights in and to CHEFSBEST related marks, including without limitation U.S. Trademark Reg. Nos. 3211763 and 3357173 (the "ChefsBest Marks").

3. Plaintiff evaluates products of leading brands to determine whether they meet

quality standards or deserve recognition as an award winning product.

4. Leading brands may license the use of ChefsBest Marks for their award winning products ("ChefsBest Award").

5. Over the years, millions of consumers have been exposed to the ChefsBest Marks through advertising, product packaging, on the internet, and through other channels.

6. Due to this widespread exposure in the marketplace, consumers instantly recognize Plaintiff as the source of promoting the goods of others by providing recognition, awards and incentives in the fields of food and beverage products, which bear the ChefsBest Marks. The ChefsBest Award related marks are widely-recognized throughout the United States, and add enormous value to products using these distinctive trademarks.

7. Defendant attempted to capitalize on the popularity of the ChefsBest Marks.

8. Defendant is a former licensee of the ChefsBest Marks who used and continues to use the ChefsBest Marks after Defendant's license expired, in direct breach of the license agreement.

9. Defendant manufactured, advertised, and sold and continues to manufacture, advertise, and sell their natural and blue corn tortilla chips food products bearing the ChefsBest Marks ("Infringing Products") without Plaintiff's permission, authorization, or approval.

10. Its conduct is likely to cause, and will continue to cause, consumers mistakenly to believe that the Infringing Products sold and promoted by Defendants are either produced by Defendants under a license from Plaintiff or other form of authorization, or are otherwise endorsed by or affiliated with Plaintiff.

11. For these reasons, Plaintiff seeks injunctive relief and damages for acts of trademark infringement, false designation of origin, dilution, unfair competition, unjust enrichment, and breach of contract, in violation of the laws of the United States and the State of California.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 15 USC § 1121, and 28 USC §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 USC§ 1367(a).

13. Venue is proper in this judicial district under pertinent law, including, *inter alia*, 28 USC § 1391(b) and (c).

## PARTIES

14. Plaintiff International Culinary ChefsBest, LLC is a limited liability company organized under the laws of the State of Delaware.

15. Plaintiff's principal place of business is in the County of San Diego, State of California.

16. Defendant The Hain Celestial Group, Inc. is a corporation organized under the laws of the State of Delaware.

17. Defendant is doing business in the County of San Francisco, State of California.

18. Defendants DOES 1 through 100, inclusive, are sued under those fictitious names. Their true names and capacities are presently unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named DOE defendants is responsible in some manner for the occurrences referred to in this complaint and proximately caused Plaintiff's injuries and damages.

19. Plaintiff is informed and believes, and on that basis alleges, that, at all times mentioned in this complaint, each defendant was the agent of each of the remaining defendants, and in doing the things alleged, was acting within the course and scope of such agency and with the permission and consent of their co-defendants. Each defendant has ratified and approved the actions of the remaining defendants.

## THE CHEFSBEST BRAND AND TRADEMARKS

20. By at least as early as 2004, American Culinary ChefsBest, Inc. promoted the goods of others by providing recognition and awards in the fields of food and beverage products, consumer food and beverage related durable products, and food service products ("Plaintiff's Services") using the marks "CHEFSBEST" and "AMERICAN CULINARY CHEFSBEST CHEFS BEST AWARD". Examples of uses of the ChefsBest Marks are attached hereto as Exhibit 1.

21. On or about March 21, 2013, American Culinary ChefsBest, Inc. assigned to

International Culinary ChefsBest, LLC, all right, title, and interest in and to its brand and trademarks, together with the goodwill of the business symbolized by the trademarks, and the registrations thereof.

22. Plaintiff is the owner of all rights in and to the following U.S. Trademark Registrations ("Plaintiff's Registered Marks"), among others, appearing on the Principal Register in the United States Patent and Trademark Office ("USPTO"):

| Mark | Reg. No. | First Use | Goods (abbreviated) |
| --- | --- | --- | --- |
| CHEFSBEST | 3,211,763 | 2004 | Promoting the goods and services of others by providing recognition, awards and incentives in the fields of food and beverage products and services, commercial foodservice-related durable products, consumer food and beverage related durable products, foodservice products, among others. |
| AMERICAN CULINARY CHEFSBEST CHEFS BEST AWARD | 3,357,173 | 2004 | Promoting the goods of others by providing quality recognition awards in the fields of food and beverage products, consumer food and beverage related durable products, and food service products, among others. |

Copies of the trademark registrations for the aforementioned trademarks are attached hereto as Exhibit 2.

23. Since at least 2004, and long prior to Defendant's use of the ChefsBest Marks, Plaintiff continuously used ChefsBest Marks on and in connection with Plaintiff's Services.

24. Plaintiff carefully monitored and policed the use of ChefsBest Marks.

25. Plaintiff expended substantial time, money and other resources in developing,

4
COMPLAINT

advertising and otherwise promoting the ChefsBest Marks. As a result of these efforts, consumers readily identify food products bearing the ChefsBest Marks as being evaluated by Plaintiff and determined to be of high quality or superior to other leading brands. As an example, attached hereto as Exhibit 1 are examples of other licensed, award winning products bearing ChefsBest Marks.

26. As a result of Plaintiff's extensive use of the ChefsBest Marks on various food and beverage products, the marks acquired great value.

27. The ChefsBest Marks are famous among the consuming public and trade, and are recognized as identifying and distinguishing high quality and superior food products that are evaluated and awarded by Plaintiff.

28. Plaintiff's painstaking adherence to the highest quality standards in evaluating and awarding food products resulted in widespread and favorable public acceptance among consumers and the trade, who immediately identify Plaintiff as the source of the award of the products to which the ChefsBest Marks are affixed.

### **DEFENDANT'S ACTS**

29. Defendant is engaged with the production, manufacturing, advertising, promotion, offering for sale, and selling in the United States and elsewhere food products, some of which bear the ChefsBest Marks.

30. Defendant advertises and promotes the Infringing Products through their Internet website, www.gardenofeatin.com, as well as through a network of third parties who purchase such products from Defendant at wholesale. Below is a photograph of an Infringing Product as it appears in the marketplace:

///
///
///
///
///
///
///



A printout from Defendant's Internet website, www.gardenofeatin.com, showing examples of the infringing products, is attached hereto as Exhibit 3.

31. Defendant prominently displays the "AMERICAN CULINARY CHEFSBEST CHEFS BEST AWARD" design mark on its products.

32. A close up of the photograph of one of Defendant's Infringing Products is shown with Plaintiff's U.S. Trademark Reg. No. 3,357,173 mark for comparison:

| **Plaintiff's Mark, U.S. Trademark Reg. No. 3,357,173** | **Defendant's Use of Plaintiff's Mark** |
|---|---|
| | |
6
COMPLAINT

33. Defendant prominently displays the "CHEFSBEST" mark on its products. As shown in the comparison above, Defendant's Infringing Product uses the mark in Plaintiff's U.S. Trademark Reg. No. 3,211,763 multiple times.

34. Defendant is well aware of the extraordinary fame and strength of the ChefsBest Marks, and the valuable goodwill symbolized thereby.

35. Defendant previously entered into a license agreement, with Plaintiff's predecessor in interest, for use of the ChefsBest Marks ("License Agreement"). A copy of this License Agreement is attached hereto as Exhibit 4.

36. The License Agreement commenced on March 10, 2011, and terminated on March 9, 2013.

37. Defendant continued to use ChefsBest Marks after the termination of the License Agreement and otherwise without license by Plaintiff. Accordingly, Defendant engaged in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Plaintiff's rights in the ChefsBest Marks.

38. On or about February 16, 2016, Plaintiff, through Plaintiff's counsel, sent a letter informing Defendant of its infringing use of the ChefsBest Marks after the termination of the License Agreement and demanded that Defendant cease all further use of the ChefsBest Marks. Defendant failed to comply with Plaintiff's request.

39. Defendant continues to produce, manufacture and sell products bearing ChefsBest Marks. Accordingly, Defendant has engaged in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Plaintiff's rights in ChefsBest Marks.

40. Upon information and belief, Defendant's advertisement, promotion, and sale of Infringing Products is intended to trade upon the goodwill and reputation associated with Plaintiff's ChefsBest Award, and to deceive consumers into believing that Defendant's Infringing Products were evaluated, awarded, and licensed by Plaintiff.

41. Upon information and belief, Defendant intends to continue to design, manufacture, advertise, promote, sell, and/or offer for sale the Infringing Products, unless otherwise restrained.

42. Unevaluated, inferior, and misleading products associated with the ChefsBest Marks

1 can cause substantial and irreparable damage and injury to Plaintiff and in particular to the valuable goodwill and reputation symbolized by the ChefsBest Marks.

43. Defendant's actions caused substantial and irreparable damage and injury to Plaintiff and in particular to the valuable goodwill and reputation symbolized by the ChefsBest Marks, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## **CLAIM I**

## **TRADEMARK INFRINGEMENT (15 USC §1114)**

44. Plaintiff repeats and realleges all preceding paragraphs, as if each were fully set forth herein.

45. Defendant's Infringing Products are intended to cause, have caused and are likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the origination, affiliation, sponsorship and endorsement by Plaintiff.

46. Upon information and belief, Defendant has acted with knowledge of Plaintiff's ownership of ChefsBest Marks, including without limitation Plaintiff's Registered Marks, and with the deliberate intention unfairly to benefit from the misappropriation of the incalculable goodwill symbolized thereby.

47. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 USC § 1114.

48. Upon information and belief, by its acts, Defendant made and will make substantial profits and gains to which it is not in law or equity entitled.

49. Upon information and belief, by its acts, Defendant intends to continue its infringing acts, and will continue willfully to infringe ChefsBest Marks, including without limitation, Plaintiff's Registered Marks, unless restrained by this Court.

50. Defendant's acts damaged and will continue to damage Plaintiff, who has no adequate remedy at law.

## COUNT II

## FALSE DESINGATION OF ORIGIN (15 USC § 1125(a))

51. Plaintiff repeats and realleges all preceding paragraphs, as if each were fully set forth herein.

52. Defendant's promotion, distribution, sale and offering for sale of the Infringing Products, together with Defendant's use of other designations and indicia to associate themselves with Plaintiff, is intended to, and is likely to confuse, mislead, or deceive consumers, the public, and the trade, as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is likely, to cause such parties to believe in error that the Infringing Products have been made, authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendant's Infringing Products are in some way affiliated with Plaintiff.

53. Defendant's acts constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act, 15 USC §1125(a).

54. Plaintiff is damaged, and is likely to be damaged, by the false description and representations as to the source of Defendant's natural and blue corn tortilla chips, because there is a substantial likelihood that purchasers will be confused as to the true source, sponsorship and affiliation of such products and because such purchasers will believe such products or components thereof were evaluated and awarded by Plaintiff, when they in fact were not.

55. Defendant's acts of introducing into commerce their Infringing Products bearing a false designation and representation as to affiliation, sponsorship, or awarding by Plaintiff were willful and intentional.

56. Plaintiff believes that it was and is likely to be damaged by false description or representations because of the likelihood that purchasers will be confused as to the true source, sponsorship, or affiliation of the Infringing Products.

57. Upon information and belief, by its acts, Defendant made and will make substantial profits and gains to which it is not in law or equity entitled.

58. Upon information and belief, Defendant intends to continue its willfully infringing

9
COMPLAINT

acts unless restrained by this Court.

59. Defendants' acts damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy under law.

## **COUNT III**

## **DILUTION (15 USC § 1125(c))**

60. Plaintiff repeats and realleges all preceding paragraphs, as if each were fully set forth herein.

61. The ChefsBest Marks are strong and distinctive, have long been used in connection with evaluation and awards for superior products on which they appear or are associated with, have long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, and are only licensed by Plaintiff, as alleged above. Plaintiff's Registered Marks are registered on the Principal Register of the USPTO.

62. ChefsBest Marks are recognized by the general consuming public of the United States as a designation of superior and award winning products in the fields of food and beverage products, as awarded by Plaintiff, and is therefore a famous mark.

63. The acts of Defendant alleged herein commenced from a time after the ChefsBest Marks became famous.

64. Defendant made use of the ChefsBest Marks in connection with goods which Defendant sold and transported in United States interstate commerce.

65. Defendant's use of the ChefsBest Marks creates a likelihood of association with Plaintiff's famous ChefsBest Award arising from its similarity to the ChefsBest Marks.

66. Defendant's acts are in violation of Lanham Act § 43(c), 15 USC §1125(c) in that they are likely to cause dilution by blurring, by impairing the distinctiveness of Plaintiff's famous ChefsBest Award, all to the irreparable injury to and damage of plaintiff.

67. Upon information and belief, and by its acts, Defendant committed these acts willfully and with the intent to create an association with Plaintiff through its use of the ChefsBest Marks.

68. Upon information and belief, and by its acts, Defendant willfully intended to trade on the recognition of ChefsBest Marks.

69. Defendants' acts damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy under law.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

70. Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as though fully set forth herein.

71. Plaintiff owns all right, title, and interest in and to the ChefsBest Marks, including all common law rights in such marks.

72. The aforesaid acts of Defendant constitute trademark infringement in violation of the common law of the State of California and of the other states of the United States.

73. Upon information and belief, by its acts, Defendant made and will make substantial profits and gains to which it is not in law or equity entitled.

74. Upon information and belief, Defendant intends to continue their willfully infringing acts unless restrained by this Court.

75. Defendant's acts damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy under law.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

76. Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as though fully set forth herein.

77. The aforesaid acts of Defendant constitute unfair competition in violation of the common law of the State of California and of the other states of the United States.

78. Upon information and belief, by its acts, Defendant made and will make substantial profits and gains to which it is not in law or equity entitled.

79. Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

80. Defendant's acts damaged and will continue to damage Plaintiff, including, without limitation, diluting the exclusivity and distinctiveness of the ChefsBest Marks and the ChefsBest Award, and Plaintiff has no adequate remedy under law.

## COUNT VI

## UNJUST ENRICHMENT

81. Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as though fully set forth herein.

82. Plaintiff is in the business of evaluating and promoting the goods of others by providing recognition, awards and incentives in the fields of food and beverage products for a fee.

83. Defendant used and continues to use the ChefsBest Marks on Defendant's products promoting that it is a ChefsBest Award winning product, thereby conferring a benefit to Defendant.

84. Defendant did not pay a fee to Plaintiff or otherwise compensate Plaintiff for its unlicensed use of the ChefsBest Marks on Defendant's products.

85. If Defendant is allowed to retain the benefits of its use of the ChefsBest Marks without compensating Plaintiff, it will be unjustly enriched.

## COUNT VII

## BREACH OF CONTRACT

86. Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as though fully set forth herein.

87. Plaintiff's predecessor in interest and Defendant entered into the License Agreement effective as of March 10, 2011.

88. In the License Agreement, Plaintiff's predecessor in interest granted Defendant a license to use ChefsBest Marks until March 9, 2013, after which Defendant could not print new product packaging using the ChefsBest Marks or otherwise use the ChefsBest Marks for point of purchase materials, advertising, trade communications, press releases, web and email marketing, and all other promotional devices.

89. Plaintiff's predecessor in interest and Plaintiff performed all of the conditions required by the License Agreement.

REDEN & REDEN, APC
16885 Via Del Campo Court, Suite 320 San Diego, CA 92127

90. Defendant continued to print new product packaging and otherwise use the ChefsBest Marks in promotional devices after the termination of the license in violation of the License Agreement.

91. Defendant's acts damaged and will continue to damage Plaintiff, including, without limitation, lost profits and diluting the exclusivity and distinctiveness of the ChefsBest Marks and the ChefsBest Award.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. Finding that all defendants, and each of them, engaged in trademark infringement in violation 15 USC §1114; engaged in false designation of origin in violation of 15 USC §1125(a); engaged in dilution in violation of 15 USC §1125(c), engaged in common law trademark infringement, engaged in unfair competition, was unjustly enriched, and breached the License Agreement;

B. Finding that all defendants, and each of them, willfully engaged in trademark infringement in violation 15 USC §1114; willfully engaged in false designation of origin in violation of 15 USC §1125(a); willfully engaged in dilution in violation of 15 USC §1125(c), willfully engaged in common law trademark infringement, and willfully engaged in unfair competition;

C. Granting an injunction permanently restraining and enjoining all defendants, and each of them, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from:

(i) unlicensed manufacturing, importing, advertising, marketing, promoting, supplying, distributing, selling, or offering for sale any products which bear any of the ChefsBest Marks, or any other mark substantially or confusingly similar thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any Plaintiff's rights in the ChefsBest Marks or any other trademark owned by Plaintiff;

(ii) engaging in any other activity constituting unfair competition with Plaintiff, or acts and

practices that deceive the public and/or the trade, including, without limitation, the unlicensed use of designations and indicia associated with Plaintiff;

(iii) engaging in any activity that will diminish the unique and distinctive quality of the ChefsBest Marks;

D. Directing other such relief as the Court may deem appropriate to prevent the public from receiving any erroneous impression that any product at issue in this case, that was manufactured, imported, advertised, marketed, promoted, supplied, distributed, sold, or offered for sale by all defendants, and each of them, was authorized by Plaintiff, or is related to or associated in any way with Plaintiff;

E. That all defendants, and each of them, be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after service upon defendants of this Court's final judgment issued in this action, a statement, signed under oath, setting forth the manner and form in which defendants complied with the injunction herein;

F. Directing that all defendants, and each of them, account to and pay over to Plaintiff all profits realized by their wrongful acts and directed that such profits be trebled in accordance with 15 USC § 1117;

G. Awarding Plaintiff its actual damages in accordance with 15 USC § 1117;

H. Awarding Plaintiff its costs and attorney fees and investigatory fees and expenses to the full extent provided for 15 USC § 1117;

///
///
///
///
///
///
///
///
///

I. Requiring all defendants, and each of them, to deliver up to Plaintiff for destruction or other disposition all remaining inventory of all Infringing Products, including all advertising, packaging, promotional and marketing material therefor, as well as all means of making the same;

J. Awarding Plaintiff pre-judgment interest on any monetary award made part of the judgment against defendants; and

K. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated: July 1, 2016

REDEN & REDEN, APC

By: _____
Justin G. Reden, Esq.
Todd J. Langford, Esq.
Attorneys for Plaintiff,
International Culinary ChefsBest, LLC

## **DEMAND FOR TRIAL BY JURY**

Plaintiff International Culinary ChefsBest, LLC hereby demands a trial by jury as to all issues triable by jury, specifically including without limitation the infringement of U.S. Trademark Reg. Nos. 3211763 and 3357173.

Dated: July 1, 2016                    REDEN & REDEN, APC

By: _____
Justin G. Reden, Esq.
Todd J. Langford, Esq.
Attorneys for Plaintiff,
International Culinary ChefsBest, LLC